# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
DAVID R. HUNT, ESQ., BAR NO. 14062.

No. 78945

**FILED**

JUL 10 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK



## *ORDER*

This is a petition under SCR 111 concerning attorney David R. Hunt, based on a conviction in California for driving under the influence, a misdemeanor. Hunt self-reported the conviction to the State Bar as required by SCR 111(2).

A temporary suspension and referral for disciplinary proceedings are not mandatory in this matter because the conviction is not for a "serious crime" as defined in SCR 111(6). SCR 111(7), (8). Because this was not Hunt's first conviction for a misdemeanor offense involving the use of alcohol, bar counsel had to investigate, present the matter to a disciplinary board hearing panel, and include the panel's recommendation as to any appropriate discipline with the petition filed under SCR 111. *See* SCR 111(4). Bar counsel complied with those requirements. As such, a separate referral to a disciplinary board is not necessary at this time. And, having considered the petition and supporting documentation, we conclude

that Hunt's offense is a minor one that does not warrant the imposition of a temporary suspension at this time.[1]  *See* SCR 111(9).

It is so ORDERED.[2]

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

cc:    State Bar of Nevada/Las Vegas
       David R. Hunt

---

[1]The State Bar filed a motion to seal Exhibit 4 to the petition.  That motion was inadvertently filed as an attachment to the petition.  We direct the clerk of this court to detach the motion from the petition and file the motion.  Cause appearing, the motion is granted.  The clerk of this court shall detach Exhibit 4 from the petition and file it under seal.

[2]This constitutes our final disposition of this matter.  Any further disciplinary matter involving Hunt shall be docketed as a new matter.